DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Gust Kalapodis has appealed from the decision of the Akron Municipal Court that denied his motion for reconsideration. This Court dismisses the appeal.
 I {¶ 2} On March 15, 2004, Plaintiff-Appellant Gust Kalapodis ("Landlord") filed a complaint in the Akron Municipal Court, Small Claims Division, against Defendant-Appellee Joann Hall ("Tenant") alleging that Tenant owed him back rent and damages for moving without giving proper notice. On April 20, 2004, Tenant filed a counterclaim alleging that Landlord unlawfully retained her security deposit. The matter was heard by a magistrate.
 {¶ 3} The magistrate found for Landlord, but also found that Tenant submitted evidence that limited Landlord's recovery. The magistrate awarded judgment to Landlord in the amount of $240.93 and judgment to Tenant in the amount of $1,543.14.[1]
 {¶ 4} Landlord filed objections to the magistrate's decision and Tenant responded to the objections. On September 16, 2004, the trial court "ACCEPT[ED]" the magistrate's findings. The trial court also overruled Landlord's objections and denied his claim.
 {¶ 5} In response to the trial court's action, Landlord filed a motion for reconsideration and filing of original transcript. Landlord argued that the trial court erred in entering its September 16, 2004 decision because it had granted him leave until September 27, 2004 to file a supplement to his original objections.
 {¶ 6} On October 4, 2004, the trial court denied Landlord's motion for reconsideration. Landlord has timely appealed the trial court's decision, asserting seven assignments of error. For ease of discussion, this Court has consolidated Landlord's assignments of error.
 II Assignment of Error Number One
"The trial court erred in issuing its ruling sustaining the magistrate's decision, without first waiting for the trial transcript and appellant's supplemental objections-pursuant to the order dated August 23, 2004."
 Assignment of Error Number Two
"The trial court erred in failing to apply the applicable rule of law as it relates to the automatic renewal provision found in the lease."
 Assignment of Error Number Three
"The magistrate and trial court's recission (sic) of the automatic renewal terms of the lease is an action of equitable nature and is disfavored in law."
 Assignment of Error Number Four
"The magistrate and trial court erred in finding that equity dictates that appellee's `life situations' necessitated relieving her from the automatic renewal provision of the lease."
 Assignment of Error Number Five
"The magistrate and trial court erred in the findings of fact and decision that appellant was not damaged by the court awarding appellee in equity."
 Assignment of Error Number Six
"The magistrate and trial court erred in finding that appellant did not mitigate the damages in a reasonable manner."
 Assignment of Error Number Seven
"The magistrate and trial court erred in awarding appellee attorney fees in the amount of $850.00."
 {¶ 7} Before reaching the potential merits of Landlord's arguments, it is necessary that we consider the appealability of the trial court's denial of Landlord's motion for reconsideration. This Court only has jurisdiction to review "final orders" of the lower courts in our district. Section 3(B)(2), Article IV, Ohio Constitution. If an order or judgment is not "final," we have no jurisdiction and the appeal must be dismissed. Noble v. Colwell (1989), 44 Ohio St.3d 92, 94.
 {¶ 8} It is well settled that a motion for reconsideration of a final judgment is a nullity. Pitts v. Ohio Dept. of Trans. (1981),67 Ohio St.2d 378, 379; Dunkle v. Dunkle (Oct. 17, 2001), 9th Dist. No. 20502, at 4. The rules of civil procedure do not provide for such a motion. Pitts, 67 Ohio St.2d at 380. Under the rules, absent a direct appeal, a party has three options for challenging a final judgment: 1) motion notwithstanding the verdict, Civ.R. 50(B); 2) motion for a new trial, Civ.R. 59; and 3) motion for relief from judgment, Civ.R. 60(B). Id. Landlord's motion for reconsideration was not authorized by the rules of civil procedure and, pursuant to Pitts, is a nullity.
 {¶ 9} However, Landlord was not entirely barred from collaterally challenging the trial court's September 16, 2004 journal entry. This Court has previously found that Civ.R. 60(B) provides a means for such relief. See Teamsters Local Union No. 507 v. Nasco Industries, Inc.
(Nov. 22, 2000), 9th Dist. No. 3064-M. Assuming arguendo that Landlord had intended his motion for reconsideration to act as a Civ.R. 60(B) motion for relief from judgment, this Court reviews its appealability in the instant matter.
 {¶ 10} Ordinarily, a grant or denial of a Civ.R. 60(B) motion is a final appealable order. Consolidated Rail Corp. v. Forest Cartage Co.
(1990), 68 Ohio App.3d 333, 341, citing GTE Automatic Electric v. ARCIndustries (1985), 47 Ohio St.2d 146. "However, this rule presumes that the underlying order under challenge by a movant's Civ.R. 60(B) motion is, itself, a final appealable order." Wolf v. Associated Materials
(Aug. 15, 2000), 5th Dist. No. 00COA01350, 2000 Ohio App. LEXIS 4023, at *4. The Second District Court of Appeals directly dealt with this issue and held that a movant cannot be permitted to use a Civ.R. 60(B) motion to turn "an unappealable event into an appealable event." Christian v.McFarland (June 20, 1997), 2nd Dist. No. 15984, 1997 Ohio App. LEXIS 2639, at *3. "Otherwise, any order of a trial court that is not a final, appealable order could be converted into a final appealable order by the simple expedient of moving, unsuccessfully, for relief from that order. * * * [T]he denial of relief from a non-final order is, itself, not a final appealable order." Id. We agree with the Second District's position. As such, before we can address Landlord's arguments on appeal, this Court must determine whether the journal entry from which he requested and was denied relief is final.
 {¶ 11} Civil Rule 53 establishes the requirements for a court's action on a magistrate's decision. Pursuant to Civ.R. 53(E)(4)(a), a magistrate's decision "shall be effective when adopted by the court." When the trial court disposes of objections, it is required to "rule on any objections [and] the court may adopt, reject, or modify the magistrate's decision [.]" Civ.R. 53(E)(4)(b).
 {¶ 12} Pursuant to Civ.R. 54(A), a judgment "shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of the prior proceedings." (Emphasis added.) Civ.R. 54(A). As we previously found, those matters are properly placed in the "decision."Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 216. "A decision announces what the judgment will be. The judgment entry unequivocally orders the relief." Id.
 {¶ 13} "An order is not an order of a court of record unless certain formalities have been met." Id. at 216-17. A judge must "separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided." Id. at 218. Further, "[t]he judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so." Id. While a trial court may intend its reference or recitation to a magistrate's decision act as its judgment, "the substance of the entry * * * must control." Id. at 220. The trial court cannot simply affirm the magistrate's decision; it must provide a statement of relief that orders the parties to remedy their dispute. Id. at 221. The trial court must disclose how it is resolving the pending issues.
 {¶ 14} A review of the trial court's underlying journal entry reveals several defects. First, the trial court stated that it "ACCEPT[ED] the Magistrate's Findings." Pursuant to Civ.R. 53, a trial court may "adopt, reject or modify" a magistrate's decision; Civ.R. 53 does not provide for the trial court "accepting" the magistrate's decision. Civ.R. 53(E)(4)(b). The trial court's journal entry lacks the Civ.R. 53(E)(4)(b) language as to its disposition of the case.
 {¶ 15} The trial court also failed to follow the standard this Court established in Harkai. The trial court only discussed the position of the magistrate and summarized the magistrate's decision. The trial court did not disclose how it was resolving the issues before it, rather it merely provided a history of the case. All references to the magistrate's decision and its awards were written in the past tense and the trial court did not issue a decision or an award as its own judgment.
 {¶ 16} While the trial court did rule on Landlord's objections to the magistrate's decision, such a ruling does not cure the previously discussed defects in the September 16, 2004 journal entry. The record clearly shows that the trial court did not provide an order for the parties to follow to resolve their dispute. Accordingly, the trial court did not issue a final, appealable order.
 {¶ 17} Based on the foregoing, this Court does not have jurisdiction to hear the instant appeal.
 III {¶ 18} The appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Moore, J. concur.
[1] The magistrate initially awarded $1,302.21 to Tenant, but then issued a nunc pro tunc order and found that Tenant was entitled to a judgment against Landlord for $1,543.14.