DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment that overruled a motion for new trial filed by Rodney Bell and Shirley Diane Bell, plaintiffs below and appellants herein, after the court entered judgment against them on their claims against William A. Turner and Stella Turner, defendants below and appellees herein. Appellants assign the following errors for review and determination:[1]
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FAILING TO APPLY THE DOCTRINE OF MERGER TO THE CONTRACT."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FINDING THAT THE TURNERS DID ALL THEY COULD DO TO OBTAIN THE AUTHORITY TO PLACE TWO TRAILERS PER LOT."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN THAT DEFENDANTS WERE NOT RESTORING PLAINTIFF TO STATUS QUO IN ALLOWING RESCISSION OF THE CONTRACT."
FOURTH ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO ACCEPTANCE OF THE DEEDS, THAT THE TRANSACTION WAS IN ESCROW, AND THE TRANSACTION WAS NEVER CLOSED."
FIFTH ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FINDING IN FAVOR OF THE DEFENDANT QUANCE."
 {¶ 2} In May 1995, appellees contacted Richard and Harriett Fout, d/b/a Fout Realty, to inquire about purchasing land to place eleven mobile homes.[2] The Fouts directed them to appellants who had six lots for sale in Madison Township. Appellants showed them the property and, after assuring them that two mobile homes could be placed on each lot, appellees agreed to purchase six lots for $65,000.[3] Under a portion of the contract denoted as "reservations," the parties specified that their agreement was "subject to putting 2 mobile homes on each lot."
 {¶ 3} At the June 9, 1995 closing appellants executed the deeds[4] and appellees executed notes and mortgages to appellants and Leesburg Federal Savings and Loan Association (Leesburg), defendant below and appellee herein, for $8,000 and $52,000, respectively. These monies were not immediately disbursed and the instruments were not immediately recorded. Instead, the parties agreed that everything would be held in escrow for a period of time.
 {¶ 4} No written agreement specified the terms and conditions of the escrow and during the trial court proceeding three different explanations were provided. Appellee Stella Turner believed everything was escrowed until she obtained permits to place two mobile homes on each lot. Peter Quance, defendant below and appellee herein, was the attorney who closed the transaction. He could not recall any conditions for the escrow — only that some of the instruments were sent out of state for a daughter to execute and that this activity would take some time. Appellant Rodney Bell believed that this was the reason for escrow and that once the executed instruments were returned and recorded, he and his wife would receive their money.
 {¶ 5} The instruments were finally recorded on June 29, 1995 and the deeds delivered to appellees. Checks were later drawn on the escrowed funds to pay the Fouts realtor's commission and to pay appellants the deposit on the property.[5] No further monies were disbursed to appellants and they received no money on the purchase money mortgage they held.[6] Appellees attempted to obtain permits to put two mobile homes on each of the lots, but the Madison Township Trustees determined it violated the zoning regulations. Appellees attempted to appeal that determination or to obtain a variance, but to no avail. In a separate action, the Madison Township Trustees obtained an injunction to prevent the mobile homes from being placed on the property.
 {¶ 6} Appellants commenced the instant action and alleged, inter alia, that Appellees William and Stella Turner, and their daughters, owed the remainder of the sales price due on the properties and that Appellee Leesburg owed them the remaining monies on the transaction held in escrow. Appellants demanded judgment for $49,901 plus interest against the grantees, jointly and severally, and against Leesburg for disbursement of the remaining monies.[7]
 {¶ 7} Appellees William and Stella Turner and their daughters denied liability. They also counterclaimed and alleged the parties operated under a "mutual mistake of fact" that two mobile homes could be placed on each of the six lots. Appellees further asserted that they stored their mobile homes on other property appellants owned (while the six lots were made ready to receive them) and that the mobile homes sustained damage. Appellees requested, inter alia, a rescission of the sales contract, reimbursement of monies they expended attempting to prosecute "a zoning change classification for the premises" and damages in the amount of $100,000 to compensate them for losses to the mobile homes. Appellants denied liability.
 {¶ 8} Appellee Leesburg denied liability and cross-claimed against Appellees William and Stella Turner and alleged they had not paid their obligations under the mortgage executed in favor of the savings and loan. Leesburg demanded judgment for the balance due under the note as well as foreclosure of its security interest. Appellees William and Stella Turner denied any liability to Leesburg.
 {¶ 9} On May 19, 1998, Harriett Fout, d/b/a Fout Realty was joined as a party defendant to the case. Appellees William and Stella Turner thereafter filed a "third party complaint" and alleged that the commission paid the Fouts was improper because a contingency on the sale was not satisfied. They demanded a $6,500 judgment against her for the return of that commission plus interest. Harriett Fout denied liability.
 {¶ 10} During the next six years various motions, including memoranda contra on summary judgment and a motion to bifurcate the trial, were filed.[8] The matter came on for a bench trial in December 2004 and each side testified as to their understanding of the sales contract, the escrow agreement and the reasons that appellees could not obtain permission to place the mobile homes on the lots.[9]
 {¶ 11} On January 11, 2005, the trial court issued its opinion and judgment in appellees favor. The court reasoned that the ability to place two mobile homes on each lot was a "specific condition" of the purchase agreement and although terms of a sales contract usually merge into a deed, thus extinguishing any cause of action on the contract once the sale is consummated, the court found that no merger occurred because (1) the contingency concerning placement of two mobile homes per lot was "collateral" and did not merge into the deeds and (2) there was no delivery or acceptance of the deeds and, thus, nothing into which the terms of the contract could merge. In the end, the court concluded that appellees are entitled to rescission based upon the "mutual mistake" that two mobile homes could be placed on each lot.
 {¶ 12} In light of its conclusion, the trial court ordered appellees to convey the properties to appellants and Leesburg to execute and record a cancellation of its mortgage on the premises. The court did, however, find in favor of appellants on the damaged mobile homes issue and determined that appellees were not entitled to any damages. Finally, the court ordered each party to file "a position statement" to outline the remaining issues that must be resolved.
 {¶ 13} On January 21, 2005, appellants filed a motion for new trial and argued that the judgment is not sustained by the weight of the evidence and is contrary to law. Appellants asserted that the trial court erred in accepting appellees' version of the terms of the escrow arrangement and further erred in its determination that the sales contract terms had not merged into the deed.
 {¶ 14} The trial court denied the motion for new trial and ruled on a variety of other issues, including a determination that it would "not disturb" the $6,500 payment of the real estate commission. This appeal followed.
 {¶ 15} Before we address appellants' assignments of error on their merits, we must first consider a threshold jurisdictional issue. Courts of appeals have jurisdiction to review the final orders of inferior courts within their district. See Section3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final, appealable order is one that, inter alia, affects a "substantial right" and in effect determines the action. R.C.2505.02(B)(1).
 {¶ 16} Further, when multiple claims or multiple parties are indeed in an action, Civ.R. 54(B) also factors into consideration. See In re Berman (1990), 69 Ohio App.3d 324,328, 590 N.E.2d 809; also see Karr v. JLH of Athens, Inc.
(Dec. 4, 2000), Athens App. No. 99CA57; Gallucci v. Freshour
(Jun. 22, 2000), Hocking App. No. 99CA22; Byers v. Coppel (Nov. 29, 1999), Ross App. No. 99CA2488. Civ.R. 54(B) states that a trial court may enter final judgment as to "one or more but fewer than all of the claims . . . only upon an express determinationthat there is no just reason for delay." (Emphasis added.) Where applicable, the rule's requirements must be satisfied in order for a judgment to be deemed final and appealable. See State exrel. Wright v. Ohio Adult Parole Auth. (1996), 75 Ohio St.3d 82,85, 661 N.E.2d 728; Chef Italiano Corp. v. Kent StateUniversity (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, at the syllabus. If a judgment is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. Mtge. Electronic Registration Sys. v. Mullins,161 Ohio App.3d 12, 829 N.E.2d 326, 2005-Ohio-2303, at ¶ 17; Prod.Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360, fn. 2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 17} After a thorough review of the pleadings in the case sub judice, it appears that the trial court did not resolve the "second cause of action" in appellees' counterclaim. That cause alleged that appellants are liable for the fees and expenses incurred in attempting to obtain a zoning change for the lots. The appellees' prayer for relief requests reimbursement of those fees and expenses in the approximate amount of $10,000. Stella Turner also testified concerning this "cause of action" and explained that she and her husband expended "thousands of dollars on attorneys fees" in their attempt to obtain permission to place two mobile homes on the lots. We note, however, that neither the January 11, 2005 judgment nor the June 23, 2005 entry disposed of that "cause of action." Consequently, the cause remains pending in the trial court.[10]
 {¶ 18} We acknowledge that the January 11, 2005 entry contains a Civ.R. 54(B) finding of "no just reason for delay." This inclusion does not, however, cure the deficiency. Civ.R. 54(B) applies to "claims" as a whole; it does not apply to the component parts of a claim. We recently addressed the concept of a "claim," for purposes of that rule, as follows:
"The Ohio Supreme Court gave a more precise definition in 1981 stating that a claim for relief, for purposes of [Civ.R. 54(B)], was synonymous with a `cause of action.' A `cause of action' is that set of facts which establish or give rise to a `right of action,' the existence of which affords a party the right to judicial relief. `Cause of action' is to be distinguished from the `action' itself, which is a judicial proceeding brought in a court of law to vindicate the cause of action. These distinctions are critically important because an action (whether in the form of a complaint, cross-complaint or counter-complaint) may contain numerous `counts,' `theories,' or `demands' for relief but still encompass only a single `cause of action' or `claim for relief.' For instance, where a person suffers personal injury and property damage as the result of a wrongful act, there is only a single `cause of action' even though the complaint asserts counts in battery and trespass. Summary judgment rendered on one of those counts, while the other count remains pending, would not be final and appealable even with a finding of `no just reason for delay." (Citations omitted.) Evans v. Rock Hill Local School Dist. Bd ofEdn., Lawrence App. No. 04CA39, 2005-Ohio-5318, at ¶ 19.
 {¶ 19} Although separated into distinct parts of their counterclaim, appellees' first and second "cause of action" set forth a single set of facts that gave rise to a claim for relief (a mutual mistake of fact concerning whether two mobile homes could be placed on each lot). Appellees requested rescission of the sale and that the parties be restored to their respective position prior to the sale. Whether reimbursement of attorney fees in the zoning matters is viewed as simply another part of that claim, or is viewed as a remedy,[11] the fact remains that it is not a separate claim for relief and Civ.R. 54(B) does not apply. Moreover, it is well settled that the inclusion of Civ.R. 54(B) language does not make appealable an otherwise nonappealable order. See McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, 652 N.E.2d 236; Cassim v. Cassim (1994),98 Ohio App.3d 576, 579, 649 N.E.2d 28; Palmer v. Westmeyer
(1988), 48 Ohio App.3d 296, 302, 549 N.E.2d 1202.
 {¶ 20} Thus, we conclude that the judgment(s) appealed herein are neither final nor appealable under R.C. 2505.02(B)(1) and we do not have jurisdiction to review the matter until such time as the "second cause of action" in the counterclaim is resolved. Accordingly, based upon the foregoing reasons we hereby dismiss the appeal for lack of jurisdiction.
APPEAL DISMISSED.
Harsha J., Concurring in Judgment Only:
 {¶ 21} Because the issue of attorney fees remains pending, I agree there is no final appealable order. But I cannot join in the analysis that concludes there is but a single claim for relief where one set of facts may provide for several theories of recovery. Rather, I favor the approach taken by the majority inBoard of Education v. Lesko, 1990 WL 43640, which concludes theories requiring separate and unique factual proof are separate claims even though they have a common nucleus.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment Only with Opinion.
Kline, J.: Concurs in Judgment Only.
[1] Appellant's brief does not include a separate statement of assignments of error presented for review as required by App.R. 16(A)(3). Therefore, we have extracted the assignments of error from the brief's table of contents.
[2] Appellees sold a campground in Waynesville, Ohio, and had promised to move those homes by June 15th.
[3] The actual purchase price for the lots was only $50,000. Appellees also agreed to pay appellants $15,000 to prepare the lots for placement of the mobile homes.
[4] The lots were not conveyed in their entirety to appellees. Rather, at their request the lots were put in their names, as well as the names of their children (Metrisha Hughes, Linda Lee Johnson and Peggy Sue Shoenbarger, defendants below and appellees herein), so that no single person or persons owned contiguous lots. Two explanations were offered at trial why the transaction was structured in this manner. First, appellee Stella Turner explained that her husband had Alzheimer's disease and they wanted to transfer as many assets as possible to their children for estate planning purposes. The second explanation was that appellees set up the purchase in this manner to circumvent the definition of a trailer park under Ohio law, which includes two or more contiguous lots owned by the same person.
[5] The sales contract specified that a $5,000 deposit must be held in escrow until the deeds were delivered. Peter Quance testified that in his opinion, the condition had been met and appellant was entitled to the deposit.
[6] The escrowed funds were held by Peter Quance in his trust account, and later transferred to a special account at Leesburg.
[7] Though Peter Quance was named a defendant in the original complaint, appellants did not seek judgment against him in their prayer for relief. An amended complaint alleged that he perpetrated fraud against appellants and sought damages totaling more than $149,000.
[8] During this time Appellee William A. Turner passed away. His wife, Stella Turner, was appointed the executrix of his estate and substituted in his place as a party defendant on November 30, 2004.
[9] The parties agreed prior to the commencement of the trial, that the proceedings would only involve claims and counterclaims between appellants and appellees. Any claims concerning Leesburg and Peter Quance would be resolved at another time.
[10] Although we recognize that no party brought this "cause of action" to the trial court's attention as an issue that needed to be resolved, we note that the lack of a final appealable order goes to the issue of subject matter jurisdiction which cannot be waived. Columbus City School Dist. Bd. of Edn. v. Wilkins,101 Ohio St.3d 112, 2004-Ohio-296, 802 N.E.2d 637, at ¶ 20; State exrel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544, 684 N.E.2d 72; also see Hall v. Tucker,161 Ohio App.3d 245, 829 N.E.2d 1259, 2005-Ohio-2674, at ¶ 49.
[11] Judgments that determine liability, but do not resolve the issue of what remedy to afford, are not final and appealable. SeeOak Hill Firefighters Assn. v. Oak Hill, Jackson App. No. 01CA16, 2002-Ohio-4514, at ¶ 15, fn. 3; McKee v. Inabnitt (Sep. 26, 2001), Adams App. No. 01CA711.