{¶ 1} Plaintiff/Appellant Daniel P. Zawacki ("Zawacki"), appeals from the trial court's judgment entries adopting the Findings and Decision of Magistrate Kienzel dated May 16, 2005, and June 16, 2005 ("Magistrate's Decisions") in favor of Defendant/Appellee Erin M. Harland ("Harland") in the Wayne County Court of Common Pleas, Juvenile Division. We dismiss for lack of subject matter jurisdiction because there is no final appealable order.
 {¶ 2} Zawacki and Harland are the unmarried parents of a minor child known as N.P.Z., born June 15, 2001 ("N.P."). For the first few years of N.P.'s *Page 2 
life the parties managed custody, visitation, and support issues between themselves although N.P. always lived with Harland. By agreement of the parties, Zawacki paid Harland $250 per month in child support. The relationship deteriorated and on July 2, 2003, Zawacki filed a complaint to determine parentage and to be determined N.P.'s residential parent. In response, on July 29, 2003, Harland filed a motion for allocation of parental rights and responsibilities seeking an order designating her as residential parent.
 {¶ 3} On August 5, 2003, by agreement of the parties, the magistrate found Zawacki to be the father of N.P., made an initial determination that N.P. would continue to live with Harland, issued a visitation order and appointed a guardian ad litem. The magistrate also held that Zawacki would continue to pay child support in the amount of $250.00 per month.
 {¶ 4} On August 29, 2003, the magistrate ordered that Zawacki would have a specific visitation schedule with costs of transportation to be paid by Zawacki.
 {¶ 5} On September 15, 2004, the magistrate issued a temporary support order based on the child support worksheets submitted by the parties ("Temporary Support Order"). The Temporary Support Order held that Zawacki should be granted credit for the payment of $250.00 per month from August 2003 through September 2004. Zawacki was also ordered to pay child support, effective July 29, 2003 in the amount of $295.84 per month. *Page 3 
 {¶ 6} On May 16, 2005, the magistrate issued the first of the two decisions at issue in this appeal ("Magistrate's Custody Decision"). He determined as follows: (1) that Harland should be designated the residential parent of N.P.; (2) that Zawacki should be granted visitation pursuant to Local R.11; (3) that Zawacki should pay child support in the amount of $438.53 per month, effective October 24, 2004; (4) that the parties were to submit child support worksheets to address child support from June 15, 2001 (N.P.'s date of birth) to July 29, 2003 (the date of Harland's motion); (5) that Harland should be granted the tax exemption for N.P. (6) that Zawacki was to maintain health insurance for N.P.; and (7) that the parties should pay court costs. The trial court conducted an independent review of the Magistrate's Custody Decision and adopted it in full on May 16, 2005.
 {¶ 7} On May 31, 2005, Zawacki timely filed his objections to the Magistrate's Custody Decision, objecting to the magistrate's factual findings set forth in paragraphs 2, 4, 6, 7, 13, 14, 16, and 17 and the magistrate's decision set forth in paragraphs 1, 2, 3, 4, 5, and 6.
 {¶ 8} On June 16, 2005, the magistrate issued the second of the two decisions at issue in this appeal ("Magistrate's Arrearage Decision"). The magistrate held that Zawacki was to pay a child support arrearage in the amount of $13,834.35, payable at the rate of $175.00 per month, beginning August 1, 2005. The arrearage was calculated based on child support worksheets submitted by the parties. Zawacki proposed that no back child support was owed. Harland *Page 4 
submitted three separate worksheets for three different time periods. Harland requested child support in the amount of $608.67 per month from June 15, 2001 (N.P.'s date of birth) through December 31, 2001. Harland requested child support in the amount of $562.17 per month from January 1, 2002 through December 31, 2002. Harland requested child support in the amount of $447.42 per month from January 1, 2003, through July 29, 2003. The Magistrate's Arrearage Decision made no reference to Zawacki's direct payments to Harland in the amount of $250.00 per month and/or the credit granted to him in the Temporary Support Order.
 {¶ 9} On July 11, 2005, Zawacki objected to the Magistrate's Arrearage Decision, specifically objecting to the magistrate's factual findings set forth in paragraph 3 and the magistrate's decision set forth in paragraphs 1 and 2.
 {¶ 10} On April 21, 2006, the trial court issued two judgment entries, the first addressing the Magistrate's Custody Decision ("Judgment Entry 1") and the second addressing the Magistrate's Arrearage Decision ("Judgment Entry 2"). The trial court also issued an order nunc pro tunc on May 3, 2006 amending the effective date of the current support from July 29, 2004 to July 29, 2003, to correct a typographical error in Judgment Entry 2 ("Nunc Pro Tunc Entry") (Judgment Entry 1, Judgment Entry 2 and the Nunc Pro Tunc Entry are hereafter collectively referred to as the "Judgment Entries."). None of the Judgment Entries adopts, *Page 5 
modifies, or rejects the magistrate's decision vis-à-vis the tax exemption being awarded to Harland.
 {¶ 11} Zawacki has timely appealed the trial court's decisions as set forth in the Judgment Entries, raising three assignments of error.
Assignment of Error No. 1
 "The trial court erred in affirming the decisions of the magistrate over timely objection of Appellant. [Judgment Entries filed 4/21/06; Nunc Pro Tunc filed 5/3/06, Apx. A, B, C, pp. 17]."
 Assignment of Error No. 2 "The trial court erred in its award of child support and child support arrearage. [Judgment Entry filed 4/21/06; Nunc Pro Tunc filed 5/3/06, Apx. B, C, pp. 5-7]"
 Assignment of Error No. 3
 "The judgments of the trial court are not supported by the record below, such to require reversal of the court's decision."
 {¶ 12} We find that we do not have jurisdiction to hear this appeal because the Judgment Entries are not final appealable orders.
 {¶ 13} At the time of the Judgment Entries, Civil Rule 53 established the requirements for a court's action on a magistrate's decision. Pursuant to Civ.R. 53(E)(4)(a), a magistrate's decision "shall be effective when adopted by the court." Pursuant to Civ.R. 54(A), a judgment "shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of the prior proceedings." Civ.R. 54(A). As we have previously found, those matters are properly placed in the "decision." Kalapodis v. Hall, 9th Dist. No. 22386,2005-Ohio-2567, at ¶ 12, *Page 6 
citing Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,216. "`A decision announces what the judgment will be. The judgment entry unequivocally orders the relief.'" Id.
 {¶ 14} "`An order is not an order of a court of record unless certain formalities have been met.'" Kalapodis at ¶ 13, quoting Harkai at 216-17. "A judge must `separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided.'" Id. Further, "`[t]he judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so.'" Id. While a trial court may intend its reference or recitation to a magistrate's decision to act as its judgment, "`the substance of the entry * * * must control.'" Id., quotingHarkai at 220. "The trial court cannot simply affirm the magistrate's decision; it must provide a statement of relief that orders the parties to remedy their dispute." Id., citing Harkai at 221. "The trial court must disclose how it is resolving the pending issues." Id.
 {¶ 15} A review of the Judgment Entries reveals one major defect. While the trial court separately entered its own judgment as to each of the issues addressed in the magistrate's decision and Zawacki's objections thereto, the trial court did not enter judgment as to the magistrate's award of the tax exemption to Harland. This issue was raised by Zawacki in his objections. Moreover, despite the trial court's thoroughly reasoned Judgment Entries, it did not expressly adopt, *Page 7 
reject or modify the magistrate's decision, thus its position vis-à-vis the magistrate's award of the tax exemption cannot be ascertained.
 {¶ 16} Based on the foregoing, this Court does not have jurisdiction to hear the instant appeal.
Appeal Dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 1