DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff Mark Saunders and defendant Paul A. Grim separately appeal the trial court's judgment, which attempted to resolve an oil and gas lease dispute. Saunders filed a complaint seeking declaratory relief to quiet title in 167 acres of property he acquired from his grandparents' estate. In 1983, Saunders's grandparents entered into an oil and gas lease with Grim. The habendum clause of the lease provides that the lease shall be for "a term of Five years and so much longer thereafter as oil, gas or their constituents are produced in paying quantities thereon[.]" Saunders contended that the oil and gas lease stopped producing in paying quantities and, therefore, expired by operation of law. *Page 2 
 {¶ 2} In relevant part, the trial court found that the lease had expired by its own terms in 1995. However, the trial court also found that Grim had not abandoned his oil producing equipment on Saunders's land.
 {¶ 3} On appeal, Saunders challenges the trial court's ruling on abandonment, and Grim contends that the lease had not expired by its own terms.
 I. {¶ 4} Before we may consider the merits of either of the two separate appeals, we must first address a jurisdictional issue. Specifically, we do not have jurisdiction over this appeal if the trial court's judgment entry does not constitute a final appealable order.
 {¶ 5} "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." Caplinger v. Raines, Ross App. No. 02CA2683, 2003-Ohio-2586, at ¶ 2, citing Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then we have no jurisdiction to review the matter. "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." Id., citingChef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186.
 {¶ 6} "When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." Id. at ¶ 3, citing Haberley v. Nationwide Mut. *Page 3 Fire Ins. Co. (2001), 142 Ohio App.3d 312, 313-14; Hall v.Strzelecki (June 25, 2001), Cuyahoga App. No. 78653, unreported.
 {¶ 7} Here, one of the trial court's findings of fact states that Grim "owes about $13,000 in delinquent real estate taxes to Larry E. Cleary, the Vinton County Treasurer, for real estate taxes on the oil and gas wells." April 8 Judgment Entry. However, in its conclusions of law, the trial court failed to establish either Grim's or Saunders's rights and obligations as to the delinquent taxes. The delinquent taxes were simply never mentioned when, in relevant part, the court ordered the following: (I.) that the lease expired by its own terms in 1995; (II.) that the County Recorder of Vinton County was to mark the lease as cancelled; and, (III.) that Grim had the right to remove his property from Saunders's land.
 {¶ 8} Furthermore, we cannot infer what the trial court may have intended regarding the delinquent taxes. On one hand, the trial court found that the lease expired by its own terms in 1995. As a result, Grim's legal interest in the property ended at that time. But on the other hand, the trial court also found that Grim had not abandoned his oil producing property on Saunders's land. So, in effect, Grim had occupied the property for years after the lease had expired. The trial court must declare Grim's and Saunders's rights and obligations as to the delinquent taxes before we can have jurisdiction over this case.
 {¶ 9} In addition, the trial court's "JUDGMENT ENTRY" is problematic because it does not comport with Civ. R. 54(A) and Civ. R. 58(A). A better label would have been "DECISION". A court's decision states what the court's forth *Page 4 
coming judgment will be. The judgment separately follows the decision and contains the orders of the court. See, e.g., Zawacki v.Harland, Wayne App. Nos. 06CA36 06CA37, 2007-Ohio-1348, ¶ 13.
 {¶ 10} A party cannot appeal a decision while it can appeal a judgment. The Supreme Court of Ohio has stated, "Under Civ. R. 54(A), a `judgment' is an order from which an appeal can be taken, and, under Civ. R. 58(A), `entry of judgment' occurs after the verdict or decision in a civil action." State ex rel. Ohio Dept. of Health v. Sowald (1992),65 Ohio St.3d 338, 343.
 {¶ 11} Here, the entry each party appealed separately is not a judgment entry. It contains a history of the case, the arguments of the parties, findings of fact, and conclusions of law. Buried within the conclusions of law are two or three orders. A person looking at a judgment entry should be readily able to "determine what is necessary to comply with the order of the court." Burns v. Morgan,165 Ohio App.3d 694, 2006-Ohio-1213, ¶ 10, quoting Yahraus v. City of Circleville, 4th Dist. No. 00CA04, 2000-Ohio-2019, quoting Lavelle v. Cox (Mar. 15, 1991), 11th Dist. No. 90-T-4396.
 {¶ 12} Therefore, because the trial court's judgment did not specifically declare all of the parties' rights and obligations as to the delinquent taxes, and because the judgment does not comport with Civ. R. 54(A) and Civ. R. 58(A), we conclude that the judgment does not constitute a final, appealable order.
 {¶ 13} Accordingly, we dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and both parties equally pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the VINTON COUNTY COMMON PLEAS Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Dissents.
McFarland, J.: Concurs in Judgment and Opinion. *Page 1