[Cite as *Bell v. Turner*, 191 Ohio App.3d 49, 2010-Ohio-4506.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

Bell et al.,                        :

           Appellants,              :    Case Nos. 09CA20 & 09CA21

           v.                           :

Turner et al.,                      :    **DECISION AND**

                               :    **JUDGMENT ENTRY**

           Appellees.               :

                                 File-stamped date:  9-20-10

## APPEARANCES:

Jon C. Hapner, for appellant Rodney Bell.

Conrad A. Curren, for appellant Harriet Fout, d.b.a. Fout Realty.

John S. Porter, for appellee Stella Turner.

KLINE, Judge.

{¶ 1}   Rodney Bell and Shirley Diane Bell (the "Bells") appeal the judgment of the trial court granting rescission of a contract for the sale of real estate to William and Stella Turner (the "Turners").[1]  Harriet Fout also appeals the judgment of the trial court, which ordered her to disgorge her commission for the real estate sale.  But we find that the trial court's order is not a final, appealable order.  We are therefore without jurisdiction to consider the present appeal.  Accordingly, we dismiss this appeal.

I

---

[1] The record does indicate that, of the Bells, only Rodney Bell appealed.  The record also indicates that William Turner is deceased and that Stella Turner is the executor of the estate.  Nonetheless, we refer to the parties as the Bells and the Turners, for expediency.

**{¶ 2}** The events in these consolidated cases concern a real estate transaction that went awry. The facts are recounted in our previous opinion. *Bell v. Turner*, 172 Ohio App.3d 238, 2007-Ohio-3054 ("*Bell II*"). Basically, the Turners entered into an agreement to purchase six lots. The contract specified that their agreement was "subject to putting 2 mobile homes on each lot." Id. at ¶ 3. Leesburg Federal Savings & Loan Association provided $60,000 of financing, $8,000 to the Bells for improvements and $52,000 to the Turners as the purchase money, which was placed in escrow.

**{¶ 3}** Notwithstanding representations to the contrary, the Turners were unable to secure zoning approval for the project. The project failed after the Bells had expended monies preparing the lots to meet the requirements of the Turners. The Turners believed that payment of the escrow money was contingent on securing the appropriate zoning. The Bells believed that the money was owed to them regardless of the zoning issue. The Bells sued for breach of contract, and the Turners counterclaimed demanding rescission of the contract based on a mutual mistake of fact.

**{¶ 4}** During the lengthy time period after the transaction fell through, no one had paid the property tax on the lots. This resulted in a significant lien against the property. The trial court determined that the Turners were entitled to rescission of the contract. The Bells appealed, but we determined that the judgment was not a final, appealable order. *Bell v. Turner*, Highland App. No. 05CA10, 2006-Ohio-704, at ¶20 ("*Bell I*"). After remand, the trial court again determined that rescission was the appropriate remedy. Once again the Bells appealed, and we reversed the judgment of the trial court. We remanded the case to the trial court so that the trial court may

determine "whether rescission is even a proper remedy in this case and, if so, what steps are required to put the parties back in their precontract position." *Bell II* at ¶31.

{¶ 5} On remand, the trial court again determined that rescission was the appropriate remedy and determined the following: (1) Fout had to disgorge the $6,500 real estate commission she had earned on the sale plus accrued statutory interest from March 12, 1996, (2) the Bells were to be responsible for the outstanding real estate taxes, interest, and penalties on the property since March 12, 1996, (3) the Turners were responsible for clearing all trash, debris, and junk from the property and for trimming and removing all vegetative overgrowth, and (4) the Turners were owed a refund of all closing costs paid by June 9, 1995, with accrued statutory interest from March 12, 1996. The provision of the order that compels Fout to disgorge her fee states: "Defendant Harriet Fout dba Fout Realty is hereby ordered to immediately disgorge the $6,500.00 real estate commission paid to her on June 9, 1995 and pay that amount plus accrued statutory interest from March 12, 1996 (the date of the initial demand for rescission) to the Clerk of this Court. The Clerk shall hold said funds for future disbursement on the motion of any party."

{¶ 6} Both the Bells and Fout appeal from this judgment. The Bells raise the following assignments of error: I. "The Trial Court erred in its decree of rescission wherein the Defendant/Appellee incurred the real estate taxes and imposed the delinquent taxes on the Appellant." II. "The Trial Court erred in placing the burden of restoration upon the Plaintiff/Appellants since it was the Defendant/Appellee Turners seeking rescission." Fout raises the following assignments of error: I "The Trial Court did not have jurisdiction to address the matter of Appellant Fout's commission, as the

doctrine of res judicata bars all claims that have been previously litigated and any Order relating to Appellant Fout was beyond the mandate of the Appellate Court's remand." II. "The Trial Court erred in Ordering Appellant Fout to disgorge the commission, together with statutory interest, as such Order was in violation of the Appellate Court's remand, which required that the Court determine what steps are required to put the parties back in their pre-contract position."

{¶ 7} Before we consider the merits of the parties' arguments, we must first address a jurisdictional issue. "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." *Caplinger v. Raines*, Ross App. No. 02CA2683, 2003-Ohio-2586, at ¶ 2, citing Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. "If an order is not final and appealable, then we have no jurisdiction to review the matter." See *Saunders v. Grim*, Vinton App. Nos. 08CA668 and 08CA669, 2009-Ohio-1900, at ¶ 5. "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." *Caplinger* at ¶ 2, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, syllabus; *Whitaker-Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186.

{¶ 8} "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano,* syllabus. "A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306. "An order which adjudicates one or more but fewer than all the claims presented in an action also must meet the requirements of Civ.R. 54(B) in order to be final and appealable."

*Oakley v. Citizens Bank of Logan*, Athens App. No. 04CA25, 2004-Ohio-6824, at ¶9, citing *Noble v. Colwell* (1989), 44 Ohio St.3d 92, syllabus.

**{¶ 9}** "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B).

**{¶ 10}** "For purposes of Civ.R. 54(B) certification, in deciding that there is no just reason for delay, the trial judge makes what is essentially a factual determination – whether an interlocutory appeal is consistent with the interests of sound judicial administration." *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, at paragraph one of the syllabus. "In making its factual determination that the interest of sound judicial administration is best served by allowing an immediate appeal, the trial court is entitled to the same presumption of correctness that it is accorded regarding other factual findings. An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. * * * Likewise, regarding Civ.R. 54(B) certification, where the record indicates that the interests of sound judicial administration could be served by a finding of 'no just reason for delay,' the trial court's certification determination must stand." Id. at 355.

**{¶ 11}** "While this is a very deferential standard, and appellate courts are reluctant to strike such a certification, 'the trial court's use of the "magic language" of Civ.R. 54(B) does not, by itself, convert a final order into a final *appealable* order.' "

(Emphasis sic.) *Oakley* at ¶11, quoting *Bell Drilling & Producing Co. v. Kilbarger Constr., Inc.,* Hocking App. No. 96CA23, *3.

{¶ 12} In *Bell II*, this court reversed the trial court's ruling on a motion for a new trial in this case so that the trial court could determine "whether rescission is even a proper remedy in this case and, if so, what steps are required to put the parties back in their precontract position." *Bell II* at ¶31. In Ohio, "the doctrine of mutual mistake [is] a ground for the rescission of a contract under certain circumstances." *Reilley v. Richards* (1994), 69 Ohio St.3d 352, 352. "Rescission is an equitable remedy for breach of contract." *Camp St. Mary's Assn. of W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes*, Auglaize App. No. 2-06-40, 2008-Ohio-1490, at ¶25, citing *Bell II* at ¶27.

{¶ 13} "[R]escission is not merely a termination of the contract; it is an annulment of the contract. The primary purpose of 'rescission' is to restore the parties to their original positions as if the contract had never been formed. Returning the parties to status quo is an integral part of rescission, and in doing so it is generally necessary to award the party seeking rescission at least his out-of-pocket expenses." *Mid-America Acceptance Co. v. Lightle* (1989), 63 Ohio App.3d 590, 599.

{¶ 14} The trial court has discretion in fashioning a decree that will return the parties to the position they occupied before they entered into the contract. See *Wells Fargo v. Mowery*, 187 Ohio App.3d 268, 2010-Ohio-1650, at ¶23 ("standard of review for to claims for equitable relief is abuse of discretion"). The specific legal claim of the Bells is that the parties cannot be put back in the position they were in before the contract. In order for us to consider this issue, we need to know the positions that the

parties will occupy after the rescission of the contract.  Here, we cannot know that, because the trial court ordered Fout to pay money into the court but has not awarded this money to any of the parties.  Indeed, there is nothing in the trial court's order that prevents the trial court from ordering some portion of that money returned to Fout.

{¶ 15} The trial court in its order did find that there was no just reason for delay. However, upon consideration, we find that the record does not support this conclusion. By leaving the issue of the $6,500 open, we find that sound judicial administration does not support giving the parties the right to immediately appeal the trial court's order.  The order, as it stands, does not dispose of a distinct branch of this case.  Rather, it expressly reserved decision on the final destination of the $6,500.  This amount would materially alter the position of any of the parties following rescission, and we reluctantly conclude that the trial court erred when it found that judicial administration supported giving the parties an immediate right to appeal.  Accordingly, we dismiss this appeal for lack of jurisdiction.

                                                                      Appeal dismissed.

ABELE, J., concurs.

HARSHA, J., dissents.