[Cite as *Bell v. Turner*, 2012-Ohio-669.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

Rodney Bell, et al.,                              :
                                                  :
    Plaintiffs-Appellants,                        :
                                                  :         Case Nos. 10CA18 &
    v.                                            :              10CA19
                                                  :
William A. Turner, et al.,                        :
                                                  :
    Defendants-Appellees,                         :
                                                  :
    and                                           :
                                                  :         DECISION AND
Harriett Fout, dba Fout Realty,                   :         JUDGMENT ENTRY
                                                  :
    Third-Party Defendant-Appellant.              :         Filed:  February 13, 2012
_____

APPEARANCES:

Jon C. Hapner, Hapner & Hapner, Hillsboro, Ohio, for Plaintiff-Appellant, Rodney Bell.

Conrad A. Curren, Greenfield, Ohio, for Defendant-Appellant, Harriet Fout, dba Fout Realty.

John S. Porter, Rose & Dobyns,Co. L.P.A.  Blanchester, Ohio, for Defendant-Appellee, Stella Turner.

_____

Kline, J.:

**{¶1}**    Rodney Bell and Shirley Diane Bell (hereinafter the "Bells") appeal the judgment of the Highland County Court of Common Pleas granting rescission of a contract for the sale of real estate to William and Stella Turner (hereinafter the

"Turners").[1]  Harriet Fout, dba Fout Realty, (hereinafter "Fout") also appeals the

judgment of the trial court, which ordered her to disgorge her commission for the real

estate sale.[2]  We recently remanded this case for lack of a final appealable order.

Following our remand, the trial court issued a new judgment entry.  We find, however,

that the new judgment entry did not cure the lack of finality.  As a result, the trial court's

order is not a final appealable order.  And therefore, we lack jurisdiction to consider the

merits of parties' arguments.  Accordingly, we dismiss this appeal.

I.

**{¶2}**      This litigation is the product of a failed real estate transaction.  This case has

been before us on multiple occasions, and we have recounted the facts of this case in

previous opinions.  *See Bell v. Turner*, 4th Dist. No. 05CA10, 2006-Ohio-704, ¶ 2-14;

*Bell v. Turner*, 172 Ohio App.3d 238, 2007-Ohio-3054, 874 N.E.2d 820 ¶ 3-13 (4th Dist.)

(hereinafter "*Bell II*"); *Bell v. Turner*, 191 Ohio App.3d 49, 2010-Ohio-4506, 944 N.E.2d

1179, ¶ 2-5 (4th Dist.) (hereinafter "*Bell III*").

**{¶3}**      Following our remand of this case in *Bell II*, the trial court held a trial on the

remedy of rescission.  After trial, the trial court issued its July 6, 2009 Entry.  The July 6,

2009 Entry ordered Fout to disgorge the $6,500 real estate commission she had

received as a result of the Bells and Turners' failed real estate transaction.

---

[1] The record indicates that, of the Bells, only Rodney Bell appealed.  The record also indicates that William Turner is deceased and that Stella Turner is the executor of William Turner's estate.  Nonetheless, we refer to the parties as the "Bells" and the "Turners" for expediency.

[2] We note that this case is a consolidated appeal.  The Bells are the plaintiffs below, and Fout is a third-party defendant.  Both the Bells and Fout appeal from the same judgment entry.

{¶4}     Both the Bells and Fout appealed the trial court's July 6, 2009 Entry.  We held that, because the July 6, 2009 Entry did not determine the recipient of the disgorged $6,500 real estate commission, that entry was not a final appealable order.  *Bell III* at ¶ 15.  Therefore, we dismissed the appeal for lack of jurisdiction.  *Id.*

{¶5}     Following our remand in *Bell III*, the trial court issued an entry on Nov. 24, 2010.  The Bells and Fout now appeal from the trial court's Nov. 24, 2010 Entry.  The Bells assert the following assignments of error: I. "The Trial Court erred in its decree of rescission wherein the Defendant/Appellee incurred the real estate taxes and imposed the delinquent taxes on Appellant."  And, II. "The Trial Court erred in placing the burden of restoration upon the Plaintiff/Appellants since it was the Defendant/Appellee Turners seeking rescission."  Fout asserts the following assignments of error: I. "The trial court did not have jurisdiction to address the matter of Appellant Fout's commission, as the doctrine or [sic] *res judicata* bars all claims that have been previously litigated and any order relating to Appellant Fout was beyond the mandate of the Appellate Court's remand."  And, II. "The trial court erred to the detriment of the Defendant/Appellant when it ordered Defendant/Appellant Fout to disgorge the commission, together with statutory interest, as such order was in violation of the Appellate Court's remand, which required the trial court to determine what steps are required to put the parties back in their pre-contract position."

II.

{¶6}     As we did in *Bell III*, we must address our jurisdiction before we address the merits of the parties' arguments.  "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district."

*Caplinger v. Raines*, 4th Dist. No. 02CA2683, 2003-Ohio-2586, ¶ 2, citing Ohio

Constitution, Article IV, Section (3)(B)(2); R.C. 2505.02.  "If an order is not final and

appealable, then we have no jurisdiction to review the matter."  *Saunders v. Grim*, 4th

Dist. App. Nos. 08CA668 and 08CA669, 2009-Ohio-1900, ¶ 5.  "In the event that this

jurisdictional issue is not raised by the parties involved with the appeal, then the

appellate court must raise it sua sponte."  *Caplinger* at ¶ 2, citing *Chef Italiano Corp. v.

Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

**{¶7}**      As indicated above, we dismissed the appeal in *Bell III* because the trial

court's July 6, 2009 Entry was not a final appealable order.  That entry states as follows:

"Defendant Harriet Fout dba Fout Realty is hereby ordered to immediately disgorge the

$6,500.00 real estate commission paid to her on June 9, 1995 and pay that amount plus

accrued statutory interest from March 12, 1996 (the date of the initial demand for

rescission) to the Clerk of this Court.  The Clerk shall hold said funds for future

disbursement on the motion of any party."  July 6, 2009 Entry at 1-2.

**{¶8}**      In finding that the July 6, 2009 Entry was not a final appealable order, we

found the following: "By leaving the issue of the $6,500 open, * * * sound judicial

administration does not support giving the parties the right to immediately appeal the

trial court's order."  *Bell III* at ¶ 15.  Instead, we found that the July 6, 2009 Entry was

not final and appealable because it "expressly reserved decision on the final destination

of the $6,500."  *Id.*

**{¶9}**      Following our dismissal in *Bell III*, the trial court issued a new entry, which

states as follows:

Defendant Harriet Fout dba Fout Realty is hereby ordered to immediately disgorge the $6,500.00 real estate commission paid to her on June 9, 1995 and pay that amount plus accrued statutory interest from March 12, 1996 (the date of the initial demand for rescission) to the Clerk of this Court.

Upon receipt of the disgorged real estate commission and accrued interest, the Clerk of Courts shall immediately notify all parties via their respective counsel that said funds are being held by the Court. Following receipt of said notice from the Clerk of Courts, Defendant Stella Turner (individually and in her capacity as Executrix of the Estate of William A. Turner) shall have fourteen (14) days to file an application for a disbursement from said funds held on deposit to effectuate the reimbursement to said Defendant of all closing costs paid on June 9, 1995 as Ordered herein. Further, Plaintiffs shall also have fourteen (14) days to submit a similar application to the Court seeking disbursement from the funds held on deposit by the Clerk of Courts as an offset against the real estate taxes, interest, and penalties which have accrued since March 12, 1996 on the subject parcels as Ordered herein. In the event the application for disbursement of funds is not timely made by any party, the Clerk of Courts shall refund all amounts paid by Defendant Harriett Fout dba Fout Realty back to said Defendant. Nov. 24, 2010 Entry.

**{¶10}** We conclude that the Nov. 24, 2010 Entry suffers from the same defect as the July 6, 2009 Entry. That is, the Nov. 24, 2010 Entry also reserves decision on the final

destination of the $6,500.  Here, the Nov. 24, 2010 Entry merely expands upon the

procedure to obtain the disgorged real estate commission.  The Nov. 24, 2010 Entry

does not, however, award the $6,500 to anyone in particular.  Instead, under the order,

both the Turners and the Bells have fourteen days following receipt of notification from

the court to apply for the funds.  Just as we found in *Bell III*, the issue of the $6,500

remains "left open."  Therefore, based on our reasoning in *Bell III*, we find that the trial

court's Nov. 24, 2010 Entry is not a final appealable order.

**{¶11}**     Accordingly, we dismiss this appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED.  Appellants and Appellees shall pay equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.

For the Court

BY:_____
     Roger L. Kline, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**