DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal and cross-appeal from a Lawrence County Common Pleas Court summary judgment in an action brought by Freddie Lloyd Evans, plaintiff below and cross-appellant herein, against the Rock Hill Local School District Board of Education (Board) and five Board members, defendants below and appellants herein.[1] Appellants assign the following error for review:
"THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN DENYING DEFENDANTS-APPELLANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT."
 {¶ 2} Cross-appellant Evans assigns the following cross-assignments of error:
FIRST CROSS-ASSIGNMENT OF ERROR:
"THE TRIAL COURT PROPERLY FOUND THAT THE ROCK HILL BOARD VIOLATED THE OPEN MEETINGS ACT ON FEBRUARY 25, 2004, BUT ERRED BY FAILING TO INVALIDATE THE FORMAL ACTION TAKEN BY THE ROCK HILL BOARD WHICH RESULTED FROM THE UNLAWFUL CLOSED DELIBERATIONS."
SECOND CROSS-ASSIGNMENT OF ERROR:
THE TRIAL COURT PROPERLY FOUND THAT THE ROCK HILL BOARD VIOLATED THE OPEN MEETINGS ACT AND PROPERLY ENJOINED THE ROCK HILL BOARD FROM FURTHER VIOLATIONS IN ITS JULY 26, 2004 ENTRY OF PARTIAL SUMMARY JUDGMENT, BUT ERRED IN ITS FINAL ENTRY OF DECEMBER 9, 2004 BY DECLINING TO INCLUDE AN INJUNCTION."
THIRD CROSS-ASSIGNMENT OF ERROR:
"THE TRIAL COURT PROPERLY FOUND THAT THE ROCK HILL BOARD VIOLATED THE OPEN MEETINGS ACT ON FEBRUARY 25, 2004, BUT ERRED BY FAILING TO AWARD ATTORNEY FEES TO CROSS-APPELLANT."
FOURTH CROSS-ASSIGNMENT OF ERROR:
"THE TRIAL COURT PROPERLY FOUND THAT THE ROCK HILL BOARD VIOLATED THE OPEN MEETINGS ACT ON FEBRUARY 25, 2004, BUT ERRED BY FAILING TO REQUIRE THE BOARD TO PAY A CIVIL FORFEITURE."
FIFTH CROSS-ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED BY FAILING TO DECLARE THAT THE ROCK HILL BOARD FAILED TO EFFECTIVELY NONRENEW CROSS-APPELLANT'S TWO-YEAR CONTRACT OF EMPLOYMENT."
 {¶ 3} Evans served as the Rock Hill Local School District Superintendent for approximately twenty-five years. He retired from that position in 2002, but the Board rehired him for that position under a new two year contract.
 {¶ 4} In the general election of 2003, two new members were elected to the Board. Before the new board members took office, the old board members entered into a five year contract that employed Evans through 2009.
 {¶ 5} In January, 2004, the new board members took office. At a special meeting held February 25, 2004, the newly constituted board resolved that the previous Board's attempt to enter into the five year contract violated Ohio law and was "void." The Board also resolved to "non-renew" Evans' two year contract.
 {¶ 6} Evans filed the instant action on March 22, 2004, and alleged that his five year contract with the Board was valid under Ohio law and that appellants violated Ohio's Open Meetings Act, codified at R.C. 121.22, in their attempt to void and non-renew that contract. Evans asked for, inter alia, (1) declaratory judgments that the two and five year contracts are valid and enforceable and that the attempts to "non-renew" the two year contract, and to "void" the five year contract, were "of no force or effect," (2) a writ of mandamus to compel appellants to comply with R.C. 3307.353, insofar as Evans' continued employment in the Rock Hill Local School District, and (3) a declaratory judgment that the February 25, 2004 meeting violated Ohio's Open Meeting Law and that all actions taken in that meeting are "void," together with an award of the civil forfeiture specified in R.C. 121.22 (I)(2), reasonable attorney fees and costs. Appellants denied most of the allegations as well as any liability on Evans' claims.
 {¶ 7} On June 29, 2004, Evans requested partial summary judgment on the issue of appellants' alleged violation of Ohio's Open Meetings Act. The trial court granted the motion and agreed that appellants violated R.C. 121.22 because, at the February 25th meeting, they adjourned to executive session without providing an adequate description of the topic to be discussed at that session. The trial court enjoined appellant from committing any further violations of the Open Meetings Act, but "decided not to assess any monetary penalty at the time."
 {¶ 8} Several months later, Evans requested summary judgment on his remaining "claims." Appellants opposed the motion and filed their own summary judgment motion. The trial court held that the two and five year contracts are both valid under Ohio law and that the Board did not violate R.C. 3307.353 with the latter contract. Because those contracts were valid when they were entered, the court held that the Board could not simply cancel them unilaterally. Thus, the court reasoned, Evans had a valid contract through 2009. Having so ruled, the court deemed it unnecessary to "go into or decide the myriad of other allegations by the parties on both sides of this dispute." On December 9, 2004, the trial court filed a judgment that sustained Evans' motion for summary judgment and overruled appellants' motion. The court also made a "no just reason for delay" finding. This appeal and cross-appeal followed.
 {¶ 9} Before we review the assignments and cross-assignments of error, we first address a threshold jurisdictional issue that appellants raise in their answer brief. Appellants argue that no final, appealable order exists with respect to Evans' "Open Meetings" claim. We agree. Additionally, for the reasons set forth below we also find that this defect deprives us of jurisdiction over the entire case rather than merely the cross-appeal.
 {¶ 10} Ohio courts of appeals have appellate jurisdiction only over final orders. See Section 3(B)(2), Article IV, Ohio Constitution. A final order is an order that, inter alia, affects a substantial right and is made in a special proceeding. See R.C. 2505.02(B)(2).[2] An order is said to affect a substantial right if it is one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt.Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181.
 {¶ 11} When multiple claims are involved, Civ. R. 54(B) also factors into the determination of whether a judgment is final. See In re Berman
(1990), 69 Ohio App.3d 324, 328, 590 N.E.2d 809; Gallucci v.Freshour (Jun. 22, 2000), Hocking App. No. 99CA22. Civ. R. 54(B) states, inter alia, that a trial court may enter final judgment as to one or more, but fewer than all, claims in a multi-claim action only upon an express determination that there is "no just reason for delay." If a judgment does not meet the requirements of R.C. 2505.02 and Civ. R. 54(B) where applicable, a reviewing court does not have jurisdiction and the appeal must be dismissed. See Prod. Credit Assn. v. Hedges (1993),87 Ohio App.3d 207, 210, 621 N.E.2d 1360 at fn. 2; Kouns v.Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.
 {¶ 12} The third "cause of action" in Evans' complaint alleged a violation of Ohio's "Open Meetings Act." As a remedy for that violation, appellant requested an injunction, a civil forfeiture and attorney fees. The trial court granted summary judgment on that claim in its July 26, 2004 judgment, and found that appellants did, in fact, violate the Open Meetings Act. The trial court also granted an injunction, but "declined to assess any monetary penalty at the time" — presumably deferring that decision until later in the action. No "monetary penalty" was awarded to Evans.
 {¶ 13} R.C. 121.22(I) states in pertinent part:
"(1) Any person may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.
"(2)(a) If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public bodythat it enjoins to pay a civil forfeiture of five hundred dollars to theparty that sought the injunction and shall award to that party all courtcosts and, subject to reduction as described in division (I)(2) of thissection, reasonable attorney's fees." (Emphasis added.)
 {¶ 14} This statute explicitly provides for the remedies of civil forfeiture and attorney fees if a court finds a violation of the Open Meetings Act and issues an injunction to compel compliance with the statute. In the instant case the trial court found a violation and issued the injunction, but did not award the civil forfeiture or attorney fees despite indications it would do so at a later date.
 {¶ 15} Judgments that determine liability, but defer the issue of damages for later adjudication, are neither final nor appealable because damages are part of a claim rather than a separate claim in and of themselves. See Oak Hill Firefighters Assn. v. Oak Hill, Jackson App. No. 01CA16, 2002-Ohio-4514, at ¶ 15, fn. 3; McKee v. Inabnitt (Sep. 26, 2001), Adams App. No. 01CA711; Miller v. Biggers (Aug. 13, 2001), Scioto App. No. 00CA2751. This issue typically arises in ordinary civil actions, but the same principle applies to a special proceeding particularly when the remedy is specified by statute. Moreover, because neither the July 26th nor the December 9th summary judgment awarded the required statutory remedies, they did not affect a substantial right as the court's determination of liability could still be appealed after the remedies are awarded. For these reasons, we find no final order and we have no jurisdiction to review the judgment being appealed.
 {¶ 16} Appellants nevertheless contend that we have jurisdiction to review their appeal. They point to the trial court's finding of "no just reason for delay" in the December 9, 2004 entry and argue that this makes the trial court's judgment final and appealable with respected to its determination that the five year contract was valid and enforceable. We disagree.
 {¶ 17} First, a finding of "no just reason for delay" does not make appealable an otherwise non-appealable order. McCabe/Marra Co. v. Dover
(1995), 100 Ohio App.3d 139, 160, 652 N.E.2d 236; Palmer v.Westmeyer (1988), 48 Ohio App.3d 296, 302, 549 N.E.2d 1202; Douthittv. Garrison (1981), 3 Ohio App.3d 254, 255, 444 N.E.2d 1068. The December 9, 2004 summary judgment was not final as to Evans and the inclusion of the Civ. R. 54(B) "magic language" did not make it any less interlocutory as to appellants.[3]
 {¶ 18} Second, just as we found with Evans, we also find with appellants that the December 9th summary judgment did not affect a substantial right. As stated above, a judgment affects a substantial right if it is one that, if it is not immediately appealable, forecloses appropriate relief in the future. Bell, supra, at 63. In the case at bar appellants can appeal the trial court's finding that the five year contract was valid after the court determines an appropriate remedy for the violation of the Open Meetings Act.
 {¶ 19} Third, it is unclear whether Civ. R. 54(B) even applies here. As stated above, that rule only comes into play when multiple "claims" for relief exist. A "claim for relief," for purposes of this rule, has been described as follows:
"The Ohio Supreme Court gave a more precise definition in 1981 stating that a claim for relief, for purposes of [Civ. R. 54(B)], was synonymous with a `cause of action.' A `cause of action' is that set of facts which establish or give rise to a `right of action,' the existence of which affords a party the right to judicial relief. `Cause of action' is to be distinguished from the `action' itself, which is a judicial proceeding brought in a court of law to vindicate the cause of action. These distinctions are critically important because an action (whether in the form of a complaint, cross-complaint or counter-complaint) may contain numerous `counts,' `theories,' or `demands' for relief but still encompass only a single `cause of action' or `claim for relief.' For instance, where a person suffers personal injury and property damage as the result of a wrongful act, there is only a single `cause of action' even though the complaint asserts counts in battery and trespass. Summary judgment rendered on one of those counts, while the other count remains pending, would not be final and appealable even with a finding of `no just reason for delay.'" (footnotes omitted.) Garrison, Appellate Jurisdiction in Ohio Over Final Appealable Orders, 50 Cleve.St. L.Rev. 595, 640 (2002-2003).
 {¶ 20} Although Evans sets out three "causes of action" in his complaint, it appears that he has but one "claim for relief" and that is to hold the Board's actions in cancelling his five year contract for naught. Evans admittedly posits several different theories of recovery to pursue that claim. The fact remains, however, that Evans has only one claim against the Board. Thus, it does not appear that Civ. R. 54(B) applies in this case.
 {¶ 21} For these reasons we find that the December 9th summary judgment does not constitute a final, appealable order. Until such time as the trial court awards the statutory remedies for the Ohio's Open Meetings Act violation, we have no jurisdiction to consider either the appeal or the cross-appeal and they are, accordingly, dismissed.
APPEAL AND CROSS-APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal and cross-appeal be dismissed and that each side pay one half the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment Opinion.
[1] The board members include President Lavetta Sites, Vice President Wanda Jenkins, Jackie Harris, Troy Hardy and Paul Johnson.
[2] The Ohio Open Meetings Act, and the provision for an action to enforce, it were obviously created by statute and, thus, are "special proceedings" by definition. See R.C. 2505.02(A)(2). Declaratory judgment actions are also special proceedings. See Marsh v. State Auto. Mut. Ins.Co. (1997), 123 Ohio App. 3d 356, 358, 704 N.E.2d 280; Konold v.R.W. Sturge, Ltd. (1996), 108 Ohio App. 3d 309, 311, 670 N.E.2d 574. Although mandamus actions are not special proceedings (because they existed at common law — see State ex rel. Keith v. McMonagle,103 Ohio St.3d 430, 816 N.E.2d 597, 2004-Ohio-5580, at ¶ 5) we look to the entirety of the case before us to determine which part of R.C. 2505.02
applies. See generally Regional Imaging Consultants Corp v. ComputerBilling Services, Inc. (Nov. 30, 2001), Mahoning App. No. 00CA79l;Mogavero v. Lombardo (Sep. 25, 2001), Franklin App. No. 01AP-98; Thompsonv. Sydnor (May 11, 1999), Scioto App. No. 98CA2578. That said, given that most of the claims in this case are special proceedings, we believe this case is best analyzed under R.C. 2505.02(B)(2).
[3] As this Court noted in Oak Hill Firefighters Assn. v. Oak Hill,
Jackson App. No. 01CA16, 2002-Ohio-4514, at ¶ 15, fn. 3, a Civ. R. 54(B) finding of "no just reason for delay" does not make a judgment final and appealable when only part of a claim has been resolved.