[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Randall and Holly Stump appeal the partial summary judgment of the Meigs County Court of Common Pleas, in favor of Margaret West on her first cause of action for declaratory judgment. On appeal, the Stumps raise one assignment of error, which we do not address. Because the court's later judgment did not resolve any of the claims, the partial summary judgment never became a final, appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.
 I. {¶ 2} In her complaint, West alleged in her first cause of action that a deed gave her the use of an easement, which encumbers Stumps' land, and that the easement is perpetual, survives her death, and runs with the land. In her second and third causes of action, she alleged that, in the alternative, that she has such easement by (1) *Page 2 
prescription and/or necessity; or (2) adverse possession. In her fourth cause of action, she alleged that the parties to the easement intended "that the owners of each property would share equally in the upkeep, maintenance, repair and replacement costs of" a bridge, and sought a determination that "both parties must equally share in such cost."
 {¶ 3} After the four causes of action, West requested the following: "I. A determination from this Court, declaring such Easement to be valid, subsisting and perpetual, and to `run with the land' for the benefit of her said acreage, and to her heirs, successors and assigns; II. For an Order from this Court, specifying and requiring both parties, their heirs, successors and assigns, to share equally in the reasonable cost of repairing and restoring the Bridge to the weight capacity it possessed circa 1968; III. For her Court costs and Attorneys fees; [and] IV. For such further and other relief as is deemed just and equitable by this Court."
 {¶ 4} The Stumps filed an answer and a counter-claim, which included four causes of action. The Stumps requested the trial court to: (1) terminate the easement because of abuse; (2) order the removal of or modify a partition fence; (3) find that they detrimentally relied on a promise from West that she would share in the cost of building a new road for West's ingress and egress; (4) award back rent because of the encroachment of a sawmill owned by West; (5) order the removal of the sawmill from its present location; (6) order the removal of a water line from their property; (7) award pre-judgment and post-judgment interest; (8) award attorney fees; (9) award damages in excess of $25,000; and (10) any other relief. West filed a reply to the counter-claim. *Page 3 
 {¶ 5} Eventually, West filed a motion for summary judgment. The trial court granted West's motion as to her first cause of action and set the case for trial. Several witnesses testified. After trial, the court filed an entry addressing and disposing of most, but not all, of the issues. For example, the court did not dispose of either West's request or the Stumps' request for attorney fees.
 {¶ 6} West appeals this judgment "and any preliminary judgments or decisions which became final appealable orders upon the filing of said entry." She raises the following assignment of error: "The trial court lacked subject matter jurisdiction to determine whether an easement was created by deed and the court's partial summary judgment of Plaintiff-Appellee Margaret West on that issue is void for lack of subject matter jurisdiction."
 II. {¶ 7} Initially, we address the threshold issue of whether the judgment entry appealed is a final, appealable order. Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41,2004-Ohio-2026, ¶ 6, citing Ft. Frye Teachers Assn. v. Ft. Frye LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459. This court has "no choice but *Page 4 
to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citing Whitaker-Merrell v. Geupel Constr. Co.
(1972), 29 Ohio St.2d 184.
 {¶ 8} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C.2505.02(B)(1), (2). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. TilleyLamp Co. (1971), 27 Ohio St.2d 303, 306.
 {¶ 9} Here, West's first cause of action is for declaratory judgment. Actions for declaratory judgment are special proceedings. GeneralAccident Ins. Co. v. Ins. Co. of N.A. (1989), 44 Ohio St.3d, 17, paragraph two of the syllabus. However, we look to the underlying action to determine if it is a common law action or a special proceeding. See generally Regional Imaging Consultants Corp. v. Computer BillingServices, Inc. (Nov. 30, 2001), Mahoning App. No. 00CA79, 2001-Ohio-3457; Thompson v. Sydnor (May 11, 1999), Scioto App. No. 98CA2578. West's claim involves the use of real property, i.e., an easement, which was a claim recognized at common law. See, generally,In re Estate of Pulford (1997), 122 Ohio App.3d 88, 91 ("The common law courts, a part of the royal judicial system, decided cases involving the distribution and use of real property."). Therefore, the underlying action in this case is not a special proceeding. Consequently, we must determine if the judgment the Stumps appealed "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" *Page 5 
 {¶ 10} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92, at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. See Jackson v. Scioto Downs,Inc. (1992), 80 Ohio App.3d 756, 758.
 {¶ 11} In this case, we asked the parties to brief the final, appealable order issue. The crux of the Stumps' contention is that the partial summary judgment became final when the trial court later disposed of all the remaining issues.
 {¶ 12} Here, the trial court's decision finding in favor of West on her first cause of action, mooted West's alternative second and third causes of action. However, the decision did not moot her fourth cause of action involving sharing costs for the upkeep of a bridge. After trial, the trial court did dispose of the bridge issue. However, the trial court did not resolve West's entire first and fourth causes of action because it failed to dispose of West's request for attorney fees, which are not a separate claim. See, e.g., In re Sites, Lawrence App. No. 05CA39, 2006-Ohio-3787, ¶ 16 (holding that "the trial court's failure to resolve appellees' attorney fees request renders the judgment against appellants interlocutory"). Hence, the court's failure to resolve the attorney fee request renders the partial summary judgment in favor of West, as it relates to the first and fourth claims, interlocutory. Further, as we stated earlier, the court did not resolve all of the issues in Stumps' counter-claim. *Page 6 
 {¶ 13} In addition, in its last judgment entry, the trial court used language that gave it the power to modify its order. It stated: "The Court retains jurisdiction to implement, enforce, interpret or modify the provisions of this Order, if needed." This language would continue to make the order interlocutory even if the court had addressed all the issues.
 {¶ 14} Therefore, because the trial court did not completely resolve any of the claims, all the claims remain pending. Stated differently, the partial summary judgment never became a final, appealable order because the issues the trial court resolved did not determine the action and prevent a judgment. Consequently, we do not need to address Civ.R. 54(B).
 {¶ 15} Accordingly, we dismiss this appeal for lack of jurisdiction.
 APPEAL DISMISSED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment and Opinion.
 Harsha, J.: Dissents.
 *Page 1