[Cite as *Clark v. Butler*, 2011-Ohio-4943.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

WAYNE W. CLARK, et al.,

    Plaintiffs-Appellees,

vs.

KATHLEEN L. BUTLER, et al.,

    Defendants-Appellants.

:

:

:

:

:

Case No. 10CA3191

DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:    James K. Cutright, Cutright & Cutright, L.L.C., 76 West Second Street, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEES:    Thomas M. Spetnagel, Spetnagel & McMahon, 42 East Fifth Street, Chillicothe, Ohio 45601

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-27-11

ABELE, J.

{¶ 1}  This is an appeal from a Ross County Common Pleas Court judgment in favor of Wayne W. Clark and Cheryl K. Clark, plaintiffs below and appellants herein, on their claim against Kathleen L. Butler and Butler Events, L.L.C., defendants below and appellants herein. Appellants assign the following errors for review:

    FIRST ASSIGNMENT OF ERROR:

    "IN THE MAY 7, 2010, DECISION AND JUDGMENT ENTRY,

THE TRIAL COURT'S FINDING THAT APPELLANTS DID
NOT HAVE AN EASEMENT FOR THE USE OF THE
COMMON SEWAGE SYSTEM WAS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"IN THE MAY 7, 2010, DECISION AND JUDGMENT ENTRY,
THE TRIAL COURT'S FINDING THAT APPELLANTS DID
NOT HAVE AN EASEMENT FOR THE USE OF THE
COMMON SEWAGE SYSTEM WAS CONTRARY TO LAW."

{¶ 2} The parties are contiguous land owners. Appellees commenced the action with a complaint that alleged that appellants interfered with an easement for use of a septic system located on appellants' property. The easement was granted to appellees by a common predecessor-in-title to both properties. Appellants denied liability and asserted a number of counterclaims. Appellees denied liability on the counterclaims.

{¶ 3} After the parties submitted the case to the trial court on stipulations of fact, the court issued a decision and judgment in favor of appellees and granted them a declaratory judgment to use the "leach field" (septic system) on appellants' property. The court also found "no just reason for delay" and scheduled the matter for a hearing on damages. After appellees dismissed their "claims" for damages, the court issued an entry denoted as a "Final Appealable Order." The court repeated that it granted declaratory judgment to appellees and enjoined appellants from interfering with appellees' use of the "leach field." The court further noted that this "order is a final appealable order pursuant to Ohio Civil Rule 54." This appeal followed.

{¶ 4} Before we address the assignments of error, we must resolve a threshold jurisdictional issue. Ohio courts of appeal have appellate jurisdiction over "final appealable orders." Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment appealed does not

constitute a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed.   See Davison v. Reni (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278; Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 621 N.E.2d 1360; Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.   Furthermore, even if the parties do not raise the jurisdictional issues on appeal, appellate courts are required to raise them sua sponte once they become apparent.   See In re Murray (1990), 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, at fn. 2; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.   A final order is one that, inter alia, affects a substantial right and, in effect, determines the judgment.[1]

{¶ 5}   The problem in the case sub judice is that at least one issue appears to remain pending.   Before we get to this issue, we note that although the trial court did not formally enter judgment against appellants to resolve their counterclaims, the declaratory judgment(s) in favor of appellees rendered those claims moot.   See e.g. Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266; Wise v. Gursky (1981), 66 Ohio St.2d 241, 20 O.O.3d 233, 421 N.E.2d 150, at the syllabus.   Appellees also dismissed their various "claims"

---

[1] Appellees advanced a number of claims in this case that, admittedly, makes it difficult to categorize for purposes of R.C. 2505.02.   Quiet title is not a special proceeding.   See Burkitt v. Shepherd, Pike App. No. 03A714, 2004-Ohio-1754, at ¶8, fn. 4.   Because that particular claim is advanced before the one in declaratory judgment, we rely on it as the essence of the proceedings.   However, a declaratory judgment is a "special proceeding" for purposes of R.C. 2505.02.   West v. Stump, Meigs App. No. 07CA5, 2007-Ohio-6495, at ¶9.   An equally strong case can be made that this was the essence of the proceedings.   However, even if we treated this case as a special proceeding, a judgment in such case is final when it affects a substantial right. R.C. 25050.02(B)(2).   A judgment affects a substantial right when, if not immediately appealable, it would foreclose appropriate relief in the future. See Copenhaver v. Copenhaver, Athens App. No. 05CA16, 2005-Ohio-4322, at ¶6.   As discussed infra in this opinion, the trial court's reference to Civ.R. 54(B) indicates that it contemplates further action on this case in the future.   Appellants could still obtain appropriate relief here in a future appeal once every issue in the case is decided.   That said, we note that the order appealed herein would not satisfy R.C. 2505.02 whether we treated it as an action that existed in equity prior to 1853 or as a special proceeding.

for damages.[2]   Thus, these two issues do not give us pause.   Rather, our concern is directed toward the portion of appellees' negligence claim that alleged that appellants caused damage to the septic system.   Appellees asked the trial court for an order to direct appellants to "immediately repair and/or replace [the] septic system."   We cannot find any indication that the trial court resolved this claim and the requested remedy.

{¶ 6}   When multiple "claims" are involved, as is the case here, a judgment must also satisfy the requirements of Civ.R. 54(B). State ex rel. Scruggs v. Sadler, 97 Ohio St.3d 78, 776 N.E.2d 101, 2002-Ohio-5315, at ¶5; Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, at the syllabus. A judgment satisfies Civ.R. 54(B) only "upon an express determination that there is no just reason for delay . . ." (Emphasis added.)   We hasten to note that this rule calls for an "express determination" and the "no just reason for delay" language has been characterized by this Court and others as "magic words" necessary for an interlocutory order to be reviewed.   Childs v Purtee (Dec. 6, 1994), Adams App. No. 94CA579; Harter Bank & Trust Co. v. Abbe (July 29, 1985), Stark App. No. CA-6606.   In the absence of such "magic words," the judgment is interlocutory and the appeal must be dismissed.

{¶ 7}   The September 30, 2010 judgment in the case sub judice does not contain the express "no just reason for delay" determination.   Rather, it states "[t]his order is a final appealable order pursuant to Ohio Civil Rule 54."   We reluctantly conclude that this is inadequate to comply with Civ.R. 54(B).

{¶ 8}   We acknowledge that, although the September 30, 2010 judgment does not

---

[2] Damages are a remedy for a claim, not a claim in and of themselves. See White v. Emmons, Scioto App. No. 10CA3340, 2011-Ohio-1745, at ¶9.

contain an express finding of "no just reason for delay," the May 7, 2010 decision and judgment did contain that language. As a general proposition of law, interlocutory orders merge into the final appealable order. See e.g. Mtge. Electronic Registrations Sys. v. Mullins, 161 Ohio App.3d 12, 829 N.E.2d 326, 2005-Ohio-2303, at ¶21; Wolfram v. Deerfield Village Condominium Owners Assn., Inc., Butler App. No. CA2006-04-084, 2006-Ohio-4961, at ¶11. Consequently, does the inclusion of the Civ.R. 54(B) language in the May 7th decision and judgment make final and appealable the September 30th entry? We think not for the following reasons.

{¶ 9} First, Civ.R. 54(B) speaks to a trial court entering a final judgment "as to one or more but fewer than all claims." The May 7, 2010 decision and judgment was not intended to be a final judgment as to any claim as the issue of damages was deferred for later adjudication. The express finding of "no just reason for delay" was thus inappropriate. Nobody would seriously contend, for example, that a trial court could file a blanket entry at the outset of a case finding "no just reason for delay" and intend for it to make any subsequent order final and appealable. For the same reason, we do not find that language in the May 7th decision and judgment rendered the September 30th entry final and appealable.

{¶ 10} Second, and more important, we are not persuaded that an express finding "no just reason for delay" in the September 30th entry would have actually made a difference. Although the negligence claim was asserted in count four of appellees' complaint, we believe that the action below posited only one actual "claim for relief" for purposes of Civ.R. 54(B). We addressed this issue in Evans v. Rock Hill Local School Dist. Bd. of Edn., Lawrence App. No. 04CA39, 2005-Ohio-5318, at ¶19, and stated:

"The Ohio Supreme Court gave a more precise definition in 1981 stating that a claim for relief, for purposes of [Civ.R. 54(B) ], was synonymous with a 'cause of action.' A 'cause of action' is that set of facts which establish or give rise to a 'right of action,' the existence of which affords a party the right to judicial relief. 'Cause of action' is to be distinguished from the 'action' itself, which is a judicial proceeding brought in a court of law to vindicate the cause of action. These distinctions are critically important because an action (whether in the form of a complaint, cross-complaint or counter-complaint) may contain numerous 'counts,' 'theories,' or 'demands' for relief but still encompass only a single 'cause of action' or 'claim for relief.' For instance, where a person suffers personal injury and property damage as the result of a wrongful act, there is only a single 'cause of action' even though the complaint asserts counts in battery and trespass. Summary judgment rendered on one of those counts, while the other count remains pending, would not be final and appealable even with a finding of 'no just reason for delay." (citations omitted)

{¶ 11} Appellees' claim for relief, for purposes of Civ.R. 54(B), is that appellants had interfered, and continue to interfere, with their use of an easement to a septic system on appellants' land. Their request for an order that appellants repair the damage they caused arose from the same fact pattern as the other counts in their complaint. Consequently, even if an express finding of "no just reason for delay" pursuant to Civ.R. 54(B) was included in the September 30, 2010 judgment, that language would not have rendered the entry final and appealable.

{¶ 12} Accordingly, for all these reasons, we conclude we have no jurisdiction to review this case and we hereby dismiss this appeal.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Kline, J.: Concurs in Judgment & Opinion
McFarland, J.: Concurs in Judgment Only

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.