[Cite as *Burchett v. Mowery*, 2012-Ohio-2489.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

LILLIE M. BURCHETT, fka,                    :
LILLIE M. PHILLIPS,

    Plaintiff-Appellee,                    :    Case No.   11CA3419

    vs.                                    :

PAUL MOWERY, et al.,                        :    DECISION AND JUDGMENT ENTRY

    Defendants-Appellants.                 :

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:          Steven M. Willard, Bannon, Howland & Dever Co.,
                                 L.P.A., 602 Chillicothe Street, Ste. 325 P.O. Box
                                 1384, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEE:            Stephen C. Rodeheffer, Rodeheffer & Miller, Ltd.,
                                 630 Sixth Street, Portsmouth, Ohio 45662

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-14-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment, after a bench trial, in favor of Lillie M. Burchett, fka Lillie M. Phillips, plaintiff below and appellee herein, on her adverse possession claim against Paul and Rose Mowery, defendants below and appellants herein.

{¶ 2}   Appellants assign the following error for review:

"THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN
FAVOR OF PLAINTIFF/APPELLEE.   THE DECISION OF THE

TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF
THE EVIDENCE."

{¶ 3}   The parties are contiguous landowners.   In dispute is the ownership of two strips

of land denoted at trial as "A" and "B."    Appellee and her first husband acquired property at

1116 Sunset Road in 1987 and considered the two disputed strips as theirs.[1]   Appellants leased

their property in 1992, purchased it in 2003, and several years later, after a survey confirmed that

the disputed property belonged to them, posted "no trespassing" signs on the land.   Appellants

also installed spot lights and security cameras.

{¶ 4}   On August 28, 2009, appellee filed the instant action and claimed that she

acquired title to the disputed land through adverse possession.   She also set out claims for

nuisance and trespass based upon appellants' use of the spotlights.   Appellee requested a

declaratory judgment that she is the owner of the disputed land and $25,000 in compensatory

damages on her other claims.[2]   Appellees denied the allegations and asserted various affirmative

defenses.

{¶ 5}   At trial, Cheryl Merson testified that she owned appellee's property from 1975

until 1987 (when she sold it to appellee) and always considered the disputed land to be her

property.   In fact, Merson testified that her son's swing set was located on the disputed property.

{¶ 6}   Appellee testified that she always considered the disputed property to belong to

---

[1]   Appellee testified that she acquired full ownership of the land when she and her first husband divorced.

[2]   Appellee filed an amended complaint and alleged an additional count of invasion of privacy that resulted from the security cameras appellants installed that, allegedly, had been trained on appellee's backyard.

her and that her first husband mowed the grass that grew on the land.   Her second husband, Jeremy Burchett, testified that he moved into the house in 1991 and also mowed the grass on the disputed land.   He also testified that on the land he stored wood, held social events and constructed a pool.

{¶ 7}   Appellants did not testify in their own defense, although Appellant Paul Mowery was called as if on cross-examination during appellee's case-in-chief.   Mowery testified that he acquired the land in 1992 and that, although he always considered the disputed property to be his, he did not post "no trespassing" signs or try to exclude anyone from using the land until after his own survey.

{¶ 8}   The trial court found in favor of the appellee on her adverse possession claim.   In so ruling, the court concluded that appellee had proven "by a preponderance of the evidence" that she had "maintained open, notorious, adverse, hostile, and continuous possession of the land for 21 years."   The court also found "no just reason for delay."   This appeal followed.

I

{¶ 9}   Before we turn to the merits of appellant's assignment of error, we first address a jurisdictional issue.   Ohio courts of appeals have appellate jurisdiction over final orders. See Section 3(B)(2), Article IV, Ohio Constitution.   If multiple claims are involved in an action, Civ.R. 54(B) also factors into the determination of finality. In re Berman (1990), 69 Ohio App.3d 324, 328, 590 N.E.2d 809; Evans v. Rockhill Local School Dist. Bd. of Edn., Lawrence App. No. 04CA39, 2005-Ohio-5318, at ¶11; Gallucci v. Freshour (Jun. 22, 2000), Hocking App. No.

99CA22. Civ.R. 54(B) states, inter alia, that a trial court may enter final judgment as to one or more, but fewer than all, claims in a multi-claim action only upon an express determination of "no just reason for delay."

{¶ 10} We recognize that some confusion may exist over what constitutes a "claim" for purposes of Civ.R. 54(B) and we have dismissed, for lack jurisdiction, many appeals when a judgment contained an express finding of "no just reason for delay" but only disposed of a portion of a claim.   Those cases typically set forth claims or counterclaims with various counts or theories of recovery.   However, because the claims all arose from one common set of facts, we have held that they were all a single claim.   See e.g. Evans, supra, at ¶¶19-20; Clark v. Butler, Ross App. No. 10CA3191, 2011-Ohio-4943, at ¶¶10-11; Bell v. Turner, Highland App. No. 05CA10, 2006-Ohio-704, at ¶19.   As we noted in Evans, supra at ¶19, a "claim" for purposes of Civ.R. 54(B) is as follows:

> "The Ohio Supreme Court gave a more precise definition in 1981 stating that a claim for relief, for purposes of [Civ.R. 54(B) ], was synonymous with a 'cause of action.' A 'cause of action' is that set of facts which establish or give rise to a 'right of action,' the existence of which affords a party the right to judicial relief. 'Cause of action' is to be distinguished from the 'action' itself, which is a judicial proceeding brought in a court of law to vindicate the cause of action. These distinctions are critically important because an action (whether in the form of a complaint, cross-complaint or counter-complaint) may contain numerous 'counts,' 'theories,' or 'demands' for relief but still encompass only a single 'cause of action' or 'claim for relief.' For instance, where a person suffers personal injury

and property damage as the result of a wrongful act, there is only a single 'cause of action' even though the complaint asserts counts in battery and trespass. Summary judgment rendered on one of those counts, while the other count remains pending, would not be final and appealable even with a finding of 'no just reason for delay.'" (Citations omitted.)

{¶ 11} We cite these cases because the case sub judice is an  example of a single "claim" for purposes of Civ.R. 54(B).   Here, the judgment appealed disposes of one claim – appellee's claim for adverse possession set out in "Branch One" of her amended complaint.   Her remaining claims, set out in branches two, three and four, all arise from a set of facts separate and distinct from her adverse possession claim.   Because nothing remains to be determined with respect to the adverse possession claim, the trial court could properly certify that claim for review upon a finding of "no just reason for delay."   This is a correct use of the provisions of Civ.R. 54(B). Consequently, we now turn our attention to the merits of appellant's argument.

II

{¶ 12} Appellants contend that the trial court erroneously determined that appellee acquired the disputed land through adverse possession.   We agree, albeit on a more limited extent than argued in the brief.

{¶ 13} According to a "T.G. Smith & Associates Survey" introduced as plaintiff's exhibit nineteen, strip "A" lies north of appellants' property, and strip "B" appears to lie due north of appellee's home.   While the testimony adduced at trial is somewhat confusing as to the particular strip of land that each witness referred to during examination, most of the testimony appears to apply to "strip A" and little evidence involves "strip B."   Again, we point out that the

testimony is confusing concerning the particular strip of land referenced during the examination of each witness.

{¶ 14} Fortunately, at this juncture we need not attempt to fully decipher the testimony adduced at trial.   In its March 10, 2011 judgment, the trial court found that appellee had "prevailed on her claim of adverse possession" by a "preponderance of the evidence[.]" (Emphasis added.)   However, the burden of proof required to establish an adverse possession claim is clear and convincing evidence.   Evanich v. Bridge, 119 Ohio St.3d 260, 893 N.E.2d 481, 2008-Ohio-3820 at ¶13; Grace v. Koch (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009, at the syllabus.

{¶ 15} Appellees concede the error, but argue that we should nevertheless affirm the judgment because they maintain that under any burden of proof they would have prevailed. However, as we note above the trial testimony is not entirely clear to us whether the witnesses refer to strip "A" or strip "B" of the disputed land.   Second, even if the evidence is clear, we are not in a position to assess the evidence adduced at trial.   The trial court, as the trier of fact, is in the best position to observe witness demeanor, gestures and voice inflections and to use those observations to assess weight and witness credibility.   See Seasons Coal Co. v. City of Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273; Myers v. Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742.   The trial court, sitting as trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it.   Rogers v. Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; In re Adoption of M.C., Jackson App. Nos. 11CA5 & 11CA6, 2011-Ohio-6527, at ¶19.   Moreover, "clear and convincing" evidence is more than a mere preponderance of the evidence.   See e.g. In re J.F., Trumbull App. No. 2011–T–0078,

2011-Ohio-6695, at ¶52; In re A.H., Cuyahoga App. Nos. 96826 & 96827, 2011-Ohio-6446, at ¶38; <u>Pottmeyer v. Douglas</u>, Washington App. No. 10CA7, 2010-Ohio-5293, at ¶23.   Because the clear and convincing evidence standard requires a higher burden of proof than the mere preponderance standard, it is conceivable that the trial court may have found the witnesses sufficiently believable to establish appellee's case by a preponderance, but not necessarily by clear and convincing evidence.   Again, because the members of this court did not hear and observe witness testimony, the interests of justice are best served by remanding this case to the trial court to consider in light of the correct burden of proof.[3]

{¶ 16} Accordingly, we hereby sustain appellant's assignment of error to this limited extent, reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CASE

REMANDED FOR FURTHER

PROCEEDINGS CONSISTENT WITH

THIS OPINION.[4]

Harsha, J., Concurring:

---

[3]   Of course, if the trial court subsequently concludes that clear and convincing evidence supports its ruling, it may enter the same judgment on remand.

[4]   In its ruling, and in their briefs on any future appeal, we encourage the trial court and the parties to specify to which of the disputed strips of land they refer.    Civ.R. 52 is available to the parties and the trial court to increase specificity with respect to a future appeal.

I concur in judgment and opinion except for the analysis of the final appealable order issue. I believe the reasoning in *Board of Edcn. v. Lesko*, 1990 WL 3640, is correct, i.e. I do not subscribe to the common nucleus of facts approach in determining what defines a "claim" in the final appealable order context. One set of facts can give rise to several distinct claims in my view.

For instance, *Lesko* involved a dispute over a leaking roof. The plaintiff sued the contractor for both breach of warranty (a contract cause of action) and negligence (a tort action). Even though both claims were based upon the same common set of facts, the court concluded each was "a separate and distinct branch of the case". Therefore, Civ. R. 54(B) language created a final appealable order in granting summary judgment on only one of the claims. *Id.* See also, Civ. 54(B)'s amended language that authorizes a court to enter final judgment on fewer than all claims in the action "whether arising out of the same or separate transactions(.)", as noted in Painter and Pollis, Ohio Appellate Practice (2011-2012 ed.), Sec. 2.8.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and the case remanded for further proceedings consistent with this opinion. Appellants and appellee shall equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

McFarland, J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs with Concurring Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.